RECEIPT # 54218
AMOUNT $ 5
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. M
DATE 12-5-03

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

FILED
2003 DEC -5 A 9:38
U.S. DISTRICT COURT
DISTRICT OF MASS.

CHESTER CLASBY

V.                                    CIVIL ACTION NO.

UNITED STATES OF AMERICA                   03 cv 12450 DPW

MAGISTRATE JUDGE Dein

<u>MOTION TO SET ASIDE CONVICTION</u>

Now comes the petitioner, Chester Clasby, and, pursuant to 28 U.S.C. 2255, moves that the conviction be set aside upon the ground that there has been a denial or infringement of the Constitutional rights of the petitioner as to render the judgment vulnerable to collateral attack.

1. In 1987 the petitioner was charged in this court in several counts of an indictment with sexual exploitation of children and mailing obscene matter. Prior to the federal indictment, petitioner was charged in the Worcester Superior Court with multiple counts of rape of child and related offenses.

2. On November 2, 1987, the petitioner appeared in the Worcester Superior Court and changed his plea from not guilty to guilty. Concurrent sentences of fifteen to twenty years were imposed. (Copy of two dockets attached hereto).

3. On February 19, 1988, the petitioner appeared in this court, after entering a guilty plea, and a sentence of five years was

imposed. This sentence was to be served on and after the sentence imposed in the Worcester Superior Court. (Copy of judgment attached). At that time the petitioner was serving the fifteen to twenty year sentence.

4. Prior to the disposition of the federal case, petitioner was committed for observation to the Massachusetts Treatment Center for Sexually Dangerous Persons, at Bridgewater.

5. On March 30, 1988, six weeks after the disposition of the federal case, the petitioner was returned to the Worcester Superior Court. At that time, after hearing, he was determined to be a sexually dangerous person and, pursuant to G. L. c. 123A, was committed to the Treatment Center from one day to life.

6. The federal sentence imposed on petitioner was five years; to be served on and after the fifteen to twenty year sentences imposed in the Worcester Superior Court. By virtue of G. L. c. 127, Section 130, which governs state parole and which was in effect in 1988, the petitioner would now have been released to commence serving the federal sentence.

7. Because of the one day to life commitment as a sexually dangerous person, the federal sentence became null and void.

8. In any event, the petitioner has served more than sixteen years of the original state court sentence. Because of the laws existing in 1988, the petitioner should be deemed to have served both the state and

federal sentences. Therefore, the federal detainer lodged against him should be withdrawn. He should be deemed to have served the federal sentence. The continued confinement, with the federal detainer over him, constitutes an infringement of the Constitutional right of petitioner to be at liberty after serving his sentence.

Because of the foregoing, petitioner is being restrained of his liberty in violation of the Constitution of the United States; and, he, therefore, prays that the motion be granted.

By his attorney,

*/s/ Willie J. Davis*

WILLIE J. DAVIS
BBO#: 116460
Davis, Robinson & White
One Faneuil Hall Marketplace
Boston, MA 02109
(617) 723-7339

## VERIFICATION

I have read the factual assertions set forth in the petition and they are all true to the best of my knowledge and belief.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 5TH DAY OF DECEMBER, 2003.

*/s/ Willie J. Davis*
WILLIE J. DAVIS

COMMONWEALTH VS. CHESTER F. CLASBY, JR.

OF SOUTHBOROUGH

87 — 0759

| COMMONWEALTH OF MASSACHUSETTS WORCESTER, SS. SUPERIOR COURT CRIMINAL DOCKET | |
|---|---|
| Offense: RAPE OF CHILD | Place: Southborough |
| Surety and amount: | |
| Counsel: Paul J. Redmond, Boyce Farm Rd., Lincoln, 5/5/87 | |
| Justice disposing of case: Mulkern, J. | |

| | 1 INDICTMENT |
|---|---|
| 1987–April 16 | Plea Not Guilty |
| May 5 | Retract Plea of Not Guilty |
| Nov. 2 | Plea Guilty |
| | Sentence: 15-20 yrs. M.C.I. Cedar Junction, said sentence to run concurrent with sentence imposed on #87-0758, Credit 231 days Chapter 279 Section 33A, committed to Bridgewater Treatment Center under Chapter 123A Section 4-6 not to exceed 60 days for Observation, Diagnosis & Report(Mulkern,J.) Mittimus issued - returned 5/2/88 |
| 1988 – Feb. 8 | Appeal from Sentence to M.C.I. Cedar Junction: Notified Appellate Division, D.A., Prob., Dept., Judge Mulkern, Defendant & Paul J. Redmond, Defendant's Atty. (See Mo. #2 in case #87-0744) |
| March 30 | After hearing, Court finds Defendant a Sexually Dangerous Person Committed to Bridgewater State Hospital - 1 day to Life and to run concurrent with any sentence now being served(Mulkern,J.) |
| 1992 – Aug. 7 | Motion for Leave to Proceed in Forma Pauperis and Affidavit in Support, filed. (See Mo. #3 in case #87-0744) |
| 21 | Motion for Transcripts and Docket Entries, filed.(See Mo. #4 in case #87-0744) Mo. #4 - ALLOWED(Mulkern,J.) |
| Sept. 8 | Certificate of Order of Transcript - Judy Kaye. Transcript Received - Sent copy to Defendant. |

CP 5M

# United States District Court

DISTRICT OF __MASSACHUSETTS__

UNITED STATES OF AMERICA
V.
CHESTER CLASBY

(Name and Address of Defendant)

JUDGMENT IN A CRIMINAL CASE

Case Number:

CR NO. 87-115-Mc -1

__Willie J. Davis, Esq.__
Attorney for Defendant

THE DEFENDANT ENTERED A PLEA OF:

X guilty ☐ nolo contendere] as to count(s) __Counts 2 and 5.__ , and
☐ not guilty as to count(s)

THERE WAS A:
X finding ☐ verdict] of guilty as to count(s) __Counts 2 and 5.__

THERE WAS A:
[☐ finding ☐ verdict] of not guilty as to count(s)
☐ judgment of acquittal as to count(s)
The defendant is acquitted and discharged as to this/these count(s).

THE DEFENDANT IS CONVICTED OF THE OFFENSE(S) OF:

Sexual exploitation of children, and mailing obscene matter, as charged in Counts 2 and 5 of the Indictment; all in violation of Title 18, United States Code, Sections 2251(a) and 1461.

IT IS THE JUDGMENT OF THIS COURT THAT:

COUNT 2:  FIVE (5) YEARS TO BE SERVED ON AND AFTER THE STATE SENTENCE NOW BEING SERVED.

COUNT 5:  FIVE (5) YEARS TO BE SERVED, TO RUN CONCURRENT WITH SENTENCE IMPOSED ON COUNT 2.  EXECUTION OF SENTENCE ON THIS COUNT IS SUSPENDED, AND THE DEFENDANT WILL BE PLACED ON PROBATION FOR A PERIOD OF FOUR (4) YEARS UPON COMPLETION OF SENTENCE IMPOSED ON COUNT 2.  AS A SPECIAL CONDITION OF PROBATION, THE DEFENDANT IS TO ENTER INTO A THERAPY PROGRAM AS DIRECTED BY THE CHIEF U. S. PROBATION OFFICER.

A SPECIAL ASSESSMENT OF $50.00 IS FURTHER IMPOSED BY THE COURT ON EACH COUNT, FOR A TOTAL SPECIAL ASSESSMENT OF $100.00.

In addition to any conditions of probation imposed above, IT IS ORDERED that the conditions of probation set out on the reverse of this judgment are imposed.

