UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CHESTER CLASBY )
)
v. ) CIVIL NO. 03-12450-DPW
)
UNITED STATES OF AMERICA )

GOVERNMENT'S RESPONSE TO PETITIONER'S
MOTION TO SET ASIDE CONVICTION

The government hereby opposes the motion of petitioner Chester Clasby ("Clasby") to set aside his conviction entered by this Court in February 1988, which he filed under 28 U.S.C. §2255. As grounds therefor, the government states that Clasby's motion does not attack the validity of his conviction, and accordingly does not state a claim of relief under §2255. See Rogers v. United States, 180 F. 3d 349, 357, n. 15 (1st Cir. 1999) (quoting Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1965) ("The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence . . .")). However, based on its factual investigation in this case the government will start his "on and after" federal sentence upon the March 15, 2004 expiration of the state sentence he was serving at the time this federal sentence was imposed.

The chronology of relevant events is as follows, and is not disputed by the parties.

1. In 1987, Clasby was indicted in this Court on at least five counts. Count Two charged him with sexual exploitation of

children, in violation of 18 U.S.C. §2251(a). Count Five charged him with mailing obscene matter, in violation of 18 U.S.C. §1461.

2.  On November 2, 1987, Clasby was sentenced in Worcester Superior Court for rape of a child to 15-20 years in M.C.I. Cedar Junction.[1] The docket for the case also indicates that Clasby was also committed at that time to the Bridgewater Treatment Center under M.G.L. 123A, §§4-6 (the sexually dangerous persons statute, §§3-6 repealed in 1990) for not more than 60 days for "Observation, Diagnosis & Report."

3.  On February 19, 1988, this Court (McNaught, J.) sentence Clasby on Count Two to serve five years in prison, to be served "on and after" the 15-20 year state sentence then being served. On Count Five, the Court imposed a five year sentence to run concurrently with the sentence on Count Two, and suspended its execution pending a four year period of probation to commence upon completion of the sentence imposed on Count Two.

4.  On March 30, 1988, after a hearing in Worcester Superior Court, Clasby was declared a sexually dangerous person ("SDP") and was committed to Bridgewater State Hospital for a period of one day to life, to run concurrently with the 15-20 year state sentence then being served.

---

[1] The sentence was imposed to run concurrently with the sentenced imposed by the same court in the case with the preceding docket number. It is not clear from the records attached to Clasby's motion what the charge and sentence were on the related case.

2

Upon investigation of Clasby's claims, the undersigned Assistant U.S. Attorney spoke with Donna, the Records Supervisor at the Massachusetts Treatment Center for Sexually Dangerous Persons, in Bridgewater, Massachusetts. She reported that Clasby's 15-20 year state sentence would expire on March 15, 2004, and that he would thereafter remain at the treatment center, where he would continue to serve his SDP commitment, as well as his five year federal on and after sentence. She further stated that Clasby, as a committed SDP would never be released from his current confinement unless he receives a court determination under applicable Massachusetts law that he is no longer a SDP.

Since learning that Clasby's state sentence was about to expire, the undersigned Assistant U.S. Attorney has spoken to the Bureau of Prison's Regional Counsel's Office ("BOP"). BOP has agreed that it will commence Clasby's federal sentence on March 15, 2004, and designate the Massachusetts Treatment Center for Sexually Dangerous Persons, in Bridgewater, Massachusetts, as his place of confinement. BOP will file a detainer with officials at that institution in order to ensure that Clasby is returned to a BOP facility in the event his SDP commitment concludes before the expiration of his five year federal sentence.

Accordingly, as Clasby requests relief not available under 28 U.S.C. §2255, and in any event, the government has taken steps

to ensure that his federal sentence runs as imposed by this Court, his motion to set aside conviction should be denied and this §2255 proceeding dismissed.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Timothy Q. Feeley
TIMOTHY Q. FEELEY
Assistant U.S. Attorney
(617) 748-3172

February 5, 2004

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

> Willie J. Davis, Esq.
> Davis, Robinson & White
> One Faneuil Hall Marketplace
> Boston, MA 02109

This 5th day of February 2004.

/s/ Timothy Q. Feeley
TIMOTHY Q. FEELEY
ASSISTANT UNITED STATES ATTORNEY