UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
CHESTER CLASBY           )
                         )
       v.                )   CIVIL NO. 03-12450-DPW
                         )
UNITED STATES OF AMERICA )
```

GOVERNMENT'S OPPOSITION TO PETITIONER'S
MOTION FOR RECONSIDERATION

  The government hereby opposes the motion for reconsideration filed by petitioner Chester Clasby ("Clasby").  In his motion, Clasby asks this Court to reconsider and change its ruling on earlier motion to set aside his conviction, pursuant to 28 U.S.C. §2255.  By way of background, this case presents the following factual and procedural history.

  1. In 1987, Clasby was indicted in this Court on at least five counts.  Count Two charged him with sexual exploitation of children, in violation of 18 U.S.C. §2251(a).  Count Five charged him with mailing obscene matter, in violation of 18 U.S.C. §1461.

  2. On November 2, 1987, Clasby was sentenced in Worcester Superior Court for rape of a child to 15-20 years in M.C.I. Cedar Junction.[1]  The docket for the case also indicates that Clasby was also committed at that time to the Bridgewater Treatment Center under M.G.L. 123A, §§4-6 (the sexually dangerous persons

---

[1] The sentence was imposed to run concurrently with the sentenced imposed by the same court in the case with the preceding docket number.  It is not clear from the records attached to Clasby's motion what the charge and sentence were on the related case.

statute, §§3-6 repealed in 1990) for not more than 60 days for "Observation, Diagnosis & Report."

3. On February 19, 1988, this Court (McNaught, J.) sentence Clasby on Count Two to serve five years in prison, to be served "on and after" the 15-20 year state sentence then being served. On Count Five, the Court imposed a five year sentence to run concurrently with the sentence on Count Two, and suspended its execution pending a four year period of probation to commence upon completion of the sentence imposed on Count Two.

4. On March 30, 1988, after a hearing in Worcester Superior Court, Clasby was declared a sexually dangerous person ("SDP") and was committed to Bridgewater State Hospital for a period of one day to life, to run concurrently with the 15-20 year state sentence then being served.

5. Upon investigation of Clasby's claims, it was learned that Clasby's 15-20 year state sentence would expire on March 15, 2004, and that he would thereafter remain at the treatment center, where he would continue to serve his SDP commitment, as well as his five year federal on and after sentence. It was further learned that Clasby, as a committed SDP will never be released from his current confinement unless he receives a court determination under applicable Massachusetts law that he is no longer a SDP.

6. BOP agreed to commence Clasby's federal sentence on

March 15, 2004, and designate the Massachusetts Treatment Center for Sexually Dangerous Persons, in Bridgewater, Massachusetts, as his place of confinement.[2]  BOP stated its intention to file a detainer with officials at that institution in order to ensure that Clasby is returned to a BOP facility in the event his SDP commitment concludes before the expiration of his five year federal sentence.

    7.   On June 1, 2004, this Court entered an order "directing dismissal of this case in light of the government's representations regarding the execution of petitioner's federal sentence."  The order of dismissal issued that day.

## Discussion

Clasby's motion for reconsideration makes two arguments. First, Clasby argues that "after imposition of the federal sentence, the previous state court sentence was, in effect, eliminated."  However, Clasby cites no authority for his contention for the obvious reason that no such authority exists. Judge McNaught, in imposing the federal sentence, had no power to eliminate a previously imposed, valid state court sentence. Judge McNaught had the power to run the federal sentence concurrently or consecutively, and chose the latter.

---

[2] In recently reconfirming the information previously provided by a Massachusetts correctional official, the government learned that Clasby's state court sentence actually finished on March 22, 2004, one week later than previously anticipated.

Accordingly, the federal sentence had no effect upon the previously imposed state court sentence.

Second, Clasby argues that he "was eligible for parole after serving ten years" and that "parole eligibility must be factored into any decision as to when the federal sentence commenced." He further argues that because of parole eligibility, his federal sentence should have commenced in 1998 (about ten years after his state sentence was imposed), and accordingly, his federal sentence has been served.

Clasby's parole-related arguments are without merit. First, the federal judgment in this case states on its face that the federal sentence is to be served "<u>on and after</u> the state sentence now being served." The judgment says nothing about parole, or early release. It is tied directly and only to the completion of the state court sentence. The government has represented that, based on information provided by the Massachusetts Treatment Center for Sexually Dangerous Persons that Clasby's state court sentence was completed only in March of this year, at which time both Massachusetts correctional officials and the BOP agreed that the federal sentence would start, as contemplated in the federal judgment. Second, Clasby's failure to obtain parole was not caused by the undischarged federal term of imprisonment. Clasby was (and remains) a classified SDP, as determined under Massachusetts law, and is not eligible for release, either on

4

parole or at the conclusion of any sentence, as long as that designation continues to exist.

Thus, his federal sentence is being run exactly as required by the federal judgment, having commenced upon the conclusion of his state court sentence. Accordingly, his motion for reconsideration should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Timothy Q. Feeley
TIMOTHY Q. FEELEY
Assistant U.S. Attorney
(617) 748-3172

June 21, 2004

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

> Willie J. Davis, Esq.
> Davis, Robinson & White
> One Faneuil Hall Marketplace
> Boston, MA 02109

This 21st day of June 2004.

/s/ Timothy Q. Feeley
TIMOTHY Q. FEELEY
ASSISTANT UNITED STATES ATTORNEY