UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CHESTER CLASBY

V.  CIVIL ACTION NO. 03-12450-DPW

UNITED STATES OF AMERICA

## MOTION FOR CERTIFICATE OF APPEALABILITY

Now comes the petitioner in the above matter and, pursuant to 28 U.S.C. 2253 and Rule 22(b) of the Rules of Appellate Procedure, moves that the court issue a certificate of appealability. As reason therefor the petitioner says that the petition makes a substantial showing of the denial of a Constitutional right.

On November 2, 1987, the petitioner appeared in the Worcester Superior Court as was convicted upon a guilty plea of rape of a child and related offenses. He was sentenced to a term of imprisonment of fifteen to twenty years. Approximately three months later, on February 19, 1988, petitioner appeared in this court and changed his plea to guilty on an indictment charging exploitation of children and mailing obscene matter. He was sentenced to a term of imprisonment of five years. The sentence was to be served on and after the sentence imposed in the Worcester Superior Court.

However, on March 30, 1988, six weeks after the disposition of the federal case, the petitioner was returned to the Worcester Superior

Court, determined to be a sexually dangerous person, and committed to the Treatment Center from one day to life. This commitment had the effect of eliminating the fifteen to twenty year sentence previously imposed. Even if not, the petitioner asserts that his federal sentence should have commenced ten years into his commitment. This is so because at that time he would have been eligible under State law to be paroled. Nothing appears in the record to indicate that parole would have been denied.

Moreover, since the State sentence had, in effect, been eliminated, there was no point of reference from which to determine when the federal sentence was to commence. The Government asserts that the federal sentence commenced after the minimum State sentence had been served. However, it is equally plausible that the federal sentence would have commenced after petitioner became eligible for parole on the State sentence.

Additionally, the Government reports that the federal sentence was to commence on March 15, 2004. But nothing suggests how they arrived at this date. It is clearly more than fifteen years after the imposition of the federal sentence.

The petitioner asserts reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented are sufficient to warrant further proceedings. Slack v. McDaniel, 529 U.S. 473, 484 (2000). And, it is not required that the

petitioner demonstrate the likelihood of success on appeal. Miller-EL v. Cockrell, 537 U.S. 322, 337 (2003).

Clearly, the question of when the petitioner's federal sentence commenced is debatable. It was supposed to commence on and after the original State sentence of fifteen to twenty years. However, this sentence was subsequently eliminated. Assuming arguendo, that the original State sentence was not eliminated, there is a serious question about whether or not parole eligibility should have been considered in determining when the federal sentence was to commence. After all, parole eligibility constitutes part of punishment and a retroactively applied change to the disadvantage of the petitioner could be unconstitutional. Breest v. Helgemoe, 579 F.2d 95, 102 (1st Cir. 1978). See also Lerner v. Gill, 751 F.2d 450, 454 (1st Cir. 1985).

By his attorney,

/s/ Willie J. Davis

WILLIE J. DAVIS
BBO#: 116460
Davis, Robinson & White
One Faneuil Hall Marketplace
Boston, MA 02109
(617) 723-7339

## CERTIFICATE OF SERVICE

I hereby certify that notice of the filing of the within motion for certificate of appealability was served upon the Government this 9th day of July, 2004, by mailing a copy thereof, postage prepaid, to Timothy Q. Feeley, Assistant United States Attorney, United States Courthouse, One Courthouse Way, Boston, MA 02210

*[signature: Willie J. Davis]*

WILLIE J. DAVIS